```
                     United States District Court
                       District of Massachusetts
 _____
                               )
United States of America,      )
                               )
          v.                   )   Docket No. 22-mj-04371-DHH
                               )
Eric Spencer,                  )
                               )
          Defendant.           )
                               )
 _____
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Eric Spencer is awaiting trial subject to a detention order entered by United States Magistrate Judge David Hennessy. Pending before the Court is Spencer's motion to revoke that order (Docket No. 13) which, for the following reasons, will be denied.

**I.   Background**

In the morning of July 21, 2022, law enforcement officers entered defendant's residence at 202 Birch Street, Fall River, Massachusetts pursuant to a federal search warrant. Spencer and several family members were present at the residence at the time. Inside, officers found, <u>inter</u> <u>alia</u>, a large container filled with marijuana, a plastic bag filled with 26 grams of a white powder which a field test identified as containing cocaine, about $900 in United States currency, approximately 20 knives, multiple cell phones, brass knuckles, several firearms

-1-

and approximately 800 rounds of ammunition.

The same day, the government filed a criminal complaint against Spencer charging him with possessing a firearm in furtherance of drug trafficking activity, in violation of 18 U.S.C. § 924(c) and possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1).

At a detention hearing held on July 25, 2022, Magistrate Judge Hennessy, after hearing argument from counsel, allowed the government's motion for pretrial detention.  Spencer now moves for this Court to revoke that order, contending that there exist conditions of release that would reasonably assure the safety of the community.

## II.  Motion for Certificate of Appealability

### A. Legal Standard

Section 3142(e) of Title 18 of the United States Code provides that a judicial officer may detain a defendant pending trial if, after a hearing, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person and the community. 18 U.S.C. § 3142(e).  The government bears the burden of demonstrating that the defendant poses a danger to the community by clear and convincing evidence or that the defendant poses a flight risk by a preponderance of the evidence. See 18 U.S.C. § 3142(e)-(f).

A person ordered detained by a magistrate judge may file a motion in the district court with original jurisdiction over the offense seeking review of the magistrate judge's order. See 18 U.S.C. § 3145(b). The district court must engage in de novo review of the contested order. United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017).

### B. Application

The government seeks to detain Spencer only upon dangerousness grounds. Spencer argues that detention is not warranted because there are conditions of release that would reasonably assure the safety of the community. In determining whether such conditions exist, the Court must consider 1) the nature and circumstances of the offense, including whether the offense involves controlled substances or firearms, 2) the weight of the evidence against the defendant, 3) his history and characteristics and 4) the nature and seriousness of the danger that would be posed by release. 18 U.S.C. § 3142(g).

At the outset, the parties appear to disagree on whether a presumption in favor of detention applies. See 18 U.S.C. § 3142(e); United States v. Rodriguez, No. 19-40005-TSH, 2022 U.S. Dist. LEXIS 11136, at *8 (D. Mass. Jan. 21, 2022). Spencer contends that it does not because he has not been charged with an offense encompassed by 18 U.S.C. § 3142(e)(2). The government maintains that the presumption does apply, albeit

under 18 U.S.C. § 3142(e)(3), because there is probable cause to believe Spencer violated 18 U.S.C. § 924(c) and committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which the maximum term of imprisonment is 10 years or more.

The Court agrees with the government, at least with respect to the § 924(c) charge, but concludes that, in any event, the government has shown by clear and convincing evidence that no set of conditions could reasonably assure the safety of the community.

Defendant proposes that, as conditions of release, he will consent to electronic monitoring, remain under house arrest at the residence of his parents (or, alternatively, his uncle and aunt), have no visitors without the approval of the Probation Office, refrain from drug or alcohol use, participate in drug testing, seek mental health treatment and report to the Probation Office as required. The Court is skeptical about defendant's ability to comply with those conditions in light of his previous failure to abide by a single condition of release—not to possess a firearm—imposed by the Rhode Island state court after his arrest in March, 2022.

Even more worrisome, however, is that since his prior arrest Spencer's dubious conduct has only increased. At the time, Spencer was a "prospect" member of the Sidewinders

Motorcycle Club ("the SWMC"), an outlaw motorcycle gang, and he reports having since been promoted to full membership. The Department of Justice describes motorcycle gangs such as the SWMC as

> highly structured criminal organizations whose members engage in criminal activities such as violent crime, weapons trafficking, and drug trafficking.

United States Department of Justice, "Outlaw Motorcycle Gangs", https://www.justice.gov/criminal-ocgs/gallery/outlaw-motorcycle-gangs-omgs (last visited August 19, 2022).

In Spencer's residence, federal agents found numerous firearms and other weapons, distributable quantities of marijuana and, even though Spencer is unemployed, nearly $1,000 in cash. They also found a ball-peen hammer (which is apparently the weapon of choice for the SWMC) and SWMC training documents. Those items are not only consistent with criminal activity but also organized criminal activity under the auspices of the SWMC.

Consequently, the nature and circumstances of the offense favor detention, as does Spencer's recent history. 18 U.S.C. § 3142(g)(1)-(3). Regrettably, regardless of the conditions imposed, the Court cannot conclude that it is likely that Spencer will desist from further criminal activity. The nature of that activity, moreover, poses a clear danger to the community. 18 U.S.C. § 3142(g)(4).

The Court thus finds that defendant, by clear and convincing evidence, poses a danger to the community and that there are no conditions or combination of conditions that would assure the safety of the community.

**ORDER**

For the foregoing reasons, the motion of defendant Eric Spencer to revoke the detention order (Docket No. 13) is **DENIED. So ordered.**

                                                                                 /s/ Nathaniel M. Gorton  
                                                                                 Nathaniel M. Gorton  
                                                                                 United States District Judge

Dated:  August 19, 2022