UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. |
| v. ) | 22-10241-FDS |
| ) | |
| ERIC SPENCER, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR RETURN OF PROPERTY

**SAYLOR, C.J.**

This is a post-conviction motion for the return of property seized pursuant to a search warrant. In July 2022, law-enforcement officers searched defendant Eric Spencer's home as part of an investigation into suspected criminal activity. During their search, officers discovered, among other things, a large quantity of cocaine and marijuana along with several firearms. Based on that evidence, defendant was arrested and pleaded guilty to the two criminal charges against him in April 2022. He has now moved for the return of certain items seized by the officers during their search. For the following reasons, that motion will be denied.

**I.   Background**

   **A.   Factual Background**

On July 21, 2022, law-enforcement officers executed a search warrant at the home of Eric Spencer in Fall River, Massachusetts, as part of an investigation into the suspected criminal activities of a motorcycle club. During the search, they discovered a significant amount of marijuana and cocaine, along with several weapons, including two firearms, high-capacity magazines, more than 800 rounds of ammunition, brass knuckles, and more than a dozen knives.

In addition, officers seized a number of items they believed were connected to defendant's criminal activities. Based on that evidence, defendant was arrested and subsequently charged with one count of possession with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c).

### B.     Procedural Background

On April 28, 2023, defendant entered into a binding plea agreement in which he agreed to plead guilty to both counts. As part of that agreement, he specifically assented to the forfeiture of $928, two firearms, and 800 rounds of ammunition. Those items were the subject of a preliminary forfeiture order issued by this court. (ECF No. 81). He also agreed to the following condition:

> Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

(Plea Agreement, ECF No. 74 at 5). The agreement was signed by defendant and his counsel. (*Id.* at 7). This court accepted the plea agreement and imposed the agreed-upon sentence in July 2023. (ECF No. 83).

Defendant has now moved pursuant to Fed. R. Crim. P. 41(g) for the return of property that he contends was seized from his home in July 2022.[1]

---

[1] The list of requested property includes: "Baton; Red/White Playmate cooler; Leather vest; 2 rings; Collapsible knife; Black helmet with stickers on the back; Cowboy boots; Knife in black sheath; Pocket knife; Ammunition box (excluding the ammunition found therein); Brass knuckles; Black Samsung phone IMEI 354084115775955; Black Otterbox case; Red charger; Magazine; Papers; Black/white notebook; Photo album; Jeans with sidewinders belt buckle; Knife attached to jeans with sheath; Black tac-force knife; Black knife in case; Two knives in black cases; 4 knives of various sizes; Black Lenovo laptop S/N PF001XHY; 20 knives; Black broken Samsung phone; Two notepads; Belt Buckle; Card; Two knives; Samsung Galaxy Black S8 IMEI 354023081479010; UMX Cellphone IMEI SM683CL31019034609; Cracked Samsung Galaxy III; Black Google phone; Black Google HTC phone; 2 USBs; 3 SIM cards; Brass knuckles; Necklace in box; Yellow Bandana;

## II. <u>Legal Standard</u>

Fed. R. Crim. P. 41(g) provides that "[a] person aggrieved . . . by the deprivation of property may move for the property's return." "[W]hen presented with a post-conviction Rule 41(g) motion . . . such motions are to be treated as civil complaints for equitable relief[.]" *United States v. Uribe-Londono*, 238 F. App'x 628, 630 (1st Cir. 2007) (citing *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995)). Courts are directed to "receive evidence on any factual issue necessary to decide the motion," but are not required to hold an evidentiary hearing to do so. FED. R. CRIM. P. 41(g); *United States v. Cardona-Sandoval*, 518 F.3d 13, 16 (1st Cir. 2008).

As a general matter, once seized property is no longer necessary to secure a conviction, a "criminal defendant is presumed to have the right" to reclaim that property. *Cardona-Sandoval*, 518 F.3d at 15 (quoting *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007)). However, "a Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, [or] the property is contraband[,] or subject to forfeiture . . . ." *Id.* "It is the government's burden, after the termination of criminal proceedings, to demonstrate that return of the property is not warranted," but the government may meet that burden by showing that it has a "right to possession adverse to that of the movant." *Perez-Colon v. Camacho*, 206 F. App'x 1, 3 (1st Cir. 2006) (quotation omitted).

## III. <u>Analysis</u>

Defendant contends that the property at issue should be returned to him because it has not been the subject of a forfeiture order, is "not contraband," and is no longer necessary evidence

---

Braided rope with metal end; Machete; Billy club; Harley Davidson Motorcycle, VIN: 1HD1GNM18GC309187 (a/k/a GNMG309187) (registered to Kristopher Decambra/Celia P. Decambra); 'right saddlebag with contents;' 'left saddlebag with contents;' 'machete with sheath;' 'three-bladed 'claw' knife;' 'small collapsible knife;' and a 'hammer.'" (Def. Mot. at 4-5). The government notes that it has not been established that all of the listed items were, in fact, seized by law enforcement.

3

because he has been convicted and waived his right to appeal. The government responds that defendant has disclaimed any possessory interest in the property under the terms of his binding plea agreement and—even if he has not—he has failed to offer any evidence, such as a sworn affidavit, that he has such an interest in the property.

The Court agrees that defendant has failed to assert a possessory interest in any of the items listed in his motion. The only proffered documents are returned search warrants, which include a list of items purportedly seized during the search of his home, but there is no evidence that all of those items belong to defendant, particularly in light of the fact that he appears to have shared his home with other people. That said, the Court will assume that he has met the initial threshold given that the items in question were seized at his residence. That assumption, however, does not necessarily mean he is entitled to recover the property.

In general, "[p]lea agreements should be given their plain meaning," provided doing so does not create a miscarriage of justice. *United States v. Ocasio-Cancel*, 727 F.3d 85, 89 (1st Cir. 2013); *see also United States v. Boyer*, 2017 WL 11684527, at *1 (1st Cir. Oct. 16, 2017); *United States v. Arroyo-Blas*, 783 F.3d 361, 365-66 (1st Cir. 2015). Here, the plain terms of the plea agreement preclude him from asserting a possessory interest in any "vehicles, currency, or other personal property seized by the United States"—an admittedly broad category, but one that appears to include all of the listed items.

At least five circuit courts have addressed whether a binding plea agreement can vitiate a defendant's possessory interest in reclaiming seized property. All determined that—absent evidence that the agreement is invalid—it does. *See United States v. Gregory*, 546 F. App'x 933, 935 (11th Cir. 2013), *United States v. Hausler*, 409 F. App'x 4, 9 (7th Cir. 2010), *United States v. Le*, 173 F.3d 1258, 1277-78 (10th Cir. 1999); *United States v. Kirlin*, 720 F. App'x 812, 813

4

(8th Cir. 2018); *United States v. Entzminger*, 677 F. App'x 393, 394 (9th Cir. 2017).

Here, defendant has offered no reasons to justify a deviation from that principle. Nor has he challenged the validity of his plea agreement. The government, conversely, has shown it has a right to possess the items at issue through the terms of the agreement. Accordingly, defendant has waived his possessory interest in the listed items, and the motion will therefore be denied.

IV. <u>Conclusion</u>

For the foregoing reasons, defendant's motion for the return of property is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  November 17, 2023                    Chief Judge, United States District Court